**UNITED STATES of America,
Plaintiff-Appellee**

v.

**Jeffery Dulwonh GBOR, Defendant-
Appellant**

**No. 16-3194**

United States Court of Appeals,
Eighth Circuit.

Submitted: February 15, 2017

Filed: February 22, 2017

Amber M. Brennan, Lolita A. Ve-
lazquez-Aguilu, Assistant U.S. Attorney,
U.S. Attorney's Office, District of Minne-
sota, Minneapolis, MN, for Plaintiff-Appel-
lee

Jeffery Dulwonh Gbor, Pro Se

Before SMITH, BOWMAN, and
BENTON, Circuit Judges.

**PER CURIAM.**

Jeffrey Dulwonh Gbor pled guilty to
charges of bank-fraud conspiracy and ag-
gravated identity theft. The district court[1]
sentenced him to 136 months in prison and
ordered $736,519.23 in restitution. On ap-
peal, Gbor's counsel moves to withdraw,
and submits a brief under *Anders v. Cali-
fornia*, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967). Gbor has filed a pro se
supplemental brief. Having jurisdiction un-
der 28 U.S.C. § 1291, this court affirms.

In the *Anders* brief, counsel raises inef-
fective-assistance claims concerning the
failure to investigate and challenge the
amount of actual and intended loss, but
this court will not consider those claims in
this direct criminal appeal. *See United
States v. Ramirez-Hernandez*, 449 F.3d
824, 826-27 (8th Cir. 2006) (ineffective-as-
sistance claims are usually best litigated in
collateral proceedings, where record can
be properly developed). In the supplemen-
tal brief, Gbor challenges the district
court's calculation of the amount of actual
loss and the amount of restitution ordered.
At sentencing, Gbor did not object to the
presentence report's calculation of actual
losses suffered by eighteen financial insti-
tutions, and the district court was entitled
to accept that calculation. *See United
States v. Menteer*, 408 F.3d 445, 446 (8th
Cir. 2005) (per curiam) (unobjected-to facts
in presentence report are deemed admit-
ted). Gbor also did not object to the
amount of restitution ordered, which was
based on the actual-loss calculations. This
court cannot say that the restitution order
is plainly erroneous. *See* 18 U.S.C.
§ 3663A (Mandatory Victims Restitution
Act); *United States v. Ramirez*, 196 F.3d
895, 899 (8th Cir. 1999) (plain-error re-
view). Having independently reviewed the
record pursuant to *Penson v. Ohio*, 488
U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300
(1988), this court finds no non-frivolous
issues for appeal.[2]

---

1. The Honorable John R. Tunheim, Chief
Judge, United States District Court for the
District of Minnesota.

2. Given the disposition of this appeal, this
court need not—and does not—consider the
validity of the appeal waiver that was a part
of the written plea agreement in this case.

The judgment is affirmed, and counsel's motion to withdraw is granted.